No. 785

### GOBY v. MINERVA ENGINE CO.

No. 19220. Supreme Court

On motion to certify. Dock. June 20, 1925; 3 Abs. 401.

313. CORPORATIONS—1. Have president and secretary preference to creditors, for their back salary?

2. Do receivers have power to take possession of assets of solvent company which have been sold to an insolvent corporation; when said receivers were appointed for said insolvent corporation?

Clifford Goby was president and one Long, secretary, of the Minerva Engine Co. and the Motor Products and Engineering Co. The former company was insolvent but the latter was not, the corporation being entirely separate and distinct. Goby and Long owned 90% of the stock of the Products Co. and one Eilert owned $1000 worth of the remaining stock.

Goby and Long owned a block purchased from John and Ernest Dowling, and the former's stock was put up as collateral with the

Dowlings thereon. Chattel mortgages were also executed to the Dowlings as were also executed to Goby and Long for back salary.

The Minerva Co. subsequently moved into the plant of the Products Co. so that the former was in physical possession of all the assets of the Products Co. as a result of negotiations whereby the Minerva Co. assumed the debts and obligations of the Products Co. A. G. Levine and J. P. Corrigan were appointed receivers of the Minerva Engine Co. and as a result came into possession of all the assets which were, it was claimed, the assets of the Products Co.

The receivers went into the Cuyahoga Common Pleas on a motion alleging that the property was mortgaged for more than its value and asked for authority to abandon to the mortgages. The motion was granted and the property turned over to the respective mortgagees. Eilert thereafter filed a motion to vacate the motion, and then filed his intervening petition, asking that said entry of abandonment be vacated. On appeal to the Court of Appeals, this relief was refused Eilert.

The case is pending in the Supreme Court on motion to certify, and it is contended by Eilert that the effect of the various transactions has been to leave the Motor Products Co., heretofore a prosperous and going concern, an empty shell without assets or property. It is claimed that Goby, Long, and the receivers have acquired this property or proceeds thereof and that the stockholders and creditors have been deprived of what was rightfully theirs.

It is submitted that the burden of proof is on the receivers to show that the transaction whereby the property of the Products Co. was transferred to the Minerva Co., is legal, fair and free from fraud. It is urged that the sale of the assets of the Minerva Co. to the Products Co. is illegal under 8710 and 8717 GC., for the reason that no stockholders meeting was called to authorize the transaction.

It is argued that any back salary Goby and Long had coming from the Motor Products Co. was cleaned up by the two mortgages executed in their favor; and that the claim for back salary is made merely for the purpose of attempting to show some measure of legal consideration for them. It is further submitted that one who mingles goods of another with his own must separate them; and that even though the entire amount of the mortgages was for back salary Goby and Long had no right to pay themselves in preference to the other creditors of the company.

It is claimed that the contention of the receivers, that the sale to the Minerva Co. was of Goby and Long's stock and not of the assets of the Products Co., does not hold water, because, it is asked, how did the assets come to be transferred to the Minerva Co. and how could the Minerva Co. execute a valid chattel mortgage in the property. It is claimed that the receivers had no right to take possession of the assets because they were receivers for the Engine Co. and not the products Co.

Attorneys—Maurer, Bolton & McGiffin for Eilert; A. G. Levine and L. J. Kohn for Company; all of Cleveland.